UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COREY WILLIAMS, ARCHLEY BISSERETH,
DAWN BLACK, SHAMIKA BRITT,
ALVIN CATHOLIC, JOE DAVILA,
RIVELYNO JEAN, JAVON McDOWALD,
SINCLAIR McJOLLY and CALVIN SMITH,

           Plaintiffs,

v.                                   CASE No. 8:04-CV-2351-T-17MAP

LOWE'S HOME CENTERS, INC.,

           Defendant.
_____/

**REPORT AND RECOMMENDATION**

At issue is whether the district judge should dismiss the Plaintiff Joseph Davila's cause of action for repeatedly failing to appear for depositions and failing to abide by the Court's order directing him to answer to the Defendant's motion to dismiss per Rules 37(d) and 41(b). *See* doc. 61. For the reasons outlined below, I recommend the district judge grant the Defendant's motion and dismiss Davila's claims with prejudice.[1]

Davila failed to appear for duly noticed depositions on May 18, 2006, July 28, 2006, and March 15, 2007. Prior to the last scheduled deposition, his counsel informed him by telephone that if he did not appear the next day, counsel would move to withdraw (doc. 70). Davila failed to show up, and counsel moved to withdraw. Counsel, in accordance with Local Rule 2.03(b), notified Davila of the motion (doc. 70). Davila took no action. Irrespective, the district judge granted the motion; she also informed Davila by order that the Court looked to him to prosecute his case (doc. 76).

---

[1] This matter has been referred to the undersigned for a report and recommendation. *See* 28 U.S.C. § 636.

Given the Defendant's understandable frustration with Davila's repeated failures to appear, the Defendant moved to dismiss his case (doc. 61). Accordingly, I noticed the matter for a hearing and directed Davila to attend. Davila failed to appear at the hearing. As a courtesy to Davila, former counsel appeared at the hearing and indicated his firm forwarded the Court's notice and the Defendant's motion to Davila. He had also attempted to telephone Davila's last known cell phone number to no avail.

In short, Davila's current whereabouts are unknown; he has clearly abandoned his lawsuit. Given his repeated failures to attend depositions, his failure to adhere to this Court's order to appear, and his obvious disinterest in the prosecution of his case, monetary sanctions would serve no purpose. Instead, dismissal of his cause of action with prejudice is appropriate. *See Moon v. Newsome,* 863 F.2d 845 (11th Cir. 1989) (dismissal appropriate for *pro se* litigant where sanctions would serve no further purpose); *see also* FED. R. CIV. P. 37(d) and 41(b). Therefore, it is

RECOMMENDED:

1. That Defendant's motion to dismiss Plaintiff Davila for his repeated failure to appear for his deposition (doc. 61) be GRANTED and that Davila's cause of action be dismissed with prejudice.

DONE AND ORDERED at Tampa, Florida on May 4, 2007.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon ground of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982) (en banc).

Copies furnished to:
Hon. Elizabeth A. Kovachevich
Counsel of Record